UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND


DARRYL L BROWN

     Plaintiff,

V.                                              CIVIL ACTION NO.
                                                1:12-CV-00396 RDB


UNIVERSAL FIDELITY, LP

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant's Motion should be denied as moot, since plaintiff has dismissed the case with

prejudice, at defendant's request.


**BACKGROUND**

Plaintiff Darryl L. Brown commenced an action against defendant Universal Fidelity LP

on February 9, 2012. On March 14, [doc. No. 7] the clerk noted an Entry of Default. On April 17

defendant through counsel filed a Joint Motion to Vacate the Entry of Default [Doc. No. 8].

Thereafter, the parties entered into settlement discussions.

After 5:21 p.m. on April 26, defendant sent another email to plaintiff withdrawing the

settlement offer. On April 27, defendant's counsel sent an email to plaintiff counsel's paralegal

but failed to include a copy of the email to plaintiff's counsel requesting that the above caption

case be dismissed immediately. Plaintiff dismissed the case as defendant requested on April 30

[Doc. No. 14] on the same day defendant filed its Motion to Dismiss [Doc. No. 12]. Defendant's

Memorandum of Law and attachments [Doc. No. 15] were filed in error and filed correctly on

May 1, [Doc. No. 17].

**ARGUMENT**

Plaintiff, on April 30, 2012, filed a Notice of Dismissal [Doc. No. 14] stating that the ". . . action shall be dismiss with prejudice and without costs, subject to the approval of the Court." The Notice of Dismissal was filed in accordance with Rule 41(a)(2) of the Fed. R. Civ. P. See also, Moore's Federal Practice 3D #41.40[10][d].

On the same day as plaintiff filed its Notice of Dismissal, defendant file a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. No. 12]. Defendant filed it Memorandum in Support of Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment in error. Defendant corrected the error and correctly filed the memorandum on May 1, [Doc. No. 17].

Prior to the *dismissal with prejudice* filed by plaintiff, the Court would have had an option to convert the Motion to Dismiss into a Motion for Summary Judgment if it so chose. But now that plaintiff filed the dismissal in-accordance with Rule 41there remains no jurisdiction for the Court to render a ruling and the matter is moot. Article III judges may only decide a case or controversy, once the case was dismissed there is nothing to decide.

**CONCLUSION**

Defendant's motion should be denied as moot.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com

CERTIFICATION

I hereby certify that on 4/17/12 a copy of the foregoing was filed electronically and served by

mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to

all parties by operation of the Court's electronic filing system or by mail to anyone unable to

accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this

filing through the Court's CM/ECF System.


        BY/S/Bernard T. Kennedy